# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TYRONE E. REID,

    Petitioner,

           -vs-

ERNIE L. MOORE, Warden,

    Respondent.

:

:

:

Case No. 3:05-cv-326

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

Petitioner Tyrone Reid moves the Court for relief from judgment under Fed. R. Civ. P. 60(b)(1) and (6) (Doc. No. 46). He raises the following seven issues for consideration:

> **Issue One:** A legal error was made when the district court concluded that the petitioner's eyewitness accounts and exculpatory evidence did not meet the standard which was held in *Schlup v. Delo*, 115 S. Ct. 851, 513 U.S. 298
>
> **Issue Two:** A legal error was made when the district court failed to conduct a complete de novo review when it mistakenly overlooked a claim in petitioner's objections to the magistrate's R&R.
>
> **Issue Three:** A legal error was made when the district court concluded that the petitioner failed to argue cause & prejudice to excuse any procedural defaults.
>
> **Issue Four:** A legal error was made when the district court concluded that the petitioner failed to give the state courts a fair opportunity to act on his claims.
>
> **Issue Five:** Will the district court abuse its discretion if it denies petitioner's Motion for Relief from Judgment pursuant to 60(b)(1)?

-1-

> **Issue [Six]:** Will the district court abuse its discretion if it denies the petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6)?
>
> **Issue [Seven]**: Has the petitioner shown that without relief from this judgment that an extreme and unexpected hardship will result?

(Motion, Doc. No. 46, at 2-3.)

## Procedural History

Petitioner Tyrone Reid brought this habeas corpus action in September 2005. He had been convicted in the Montgomery County Common Pleas Court on one count of murder with a firearm specification and one count of having a weapon while under disability and sentenced to an indefinite term of eighteen years to life. He pled twenty-six grounds for relief. After staying proceedings to permit exhaustion in the state courts, the Magistrate Judge filed a Report and Recommendations on November 8, 2007 (Doc. No. 28). The Report recommended that

- Grounds One, Four, and Five be dismissed as procedurally defaulted because Petitioner took no appeal from the denial of his motion for new trial;

- Grounds Seventeen, Eighteen, Nineteen, and Twenty be dismissed as procedurally defaulted because Petitioner's post-conviction petition which raised them was filed almost two years late;

- Grounds Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen be dismissed as procedurally defaulted because they were never raised until Petitioner's Second Application for Reopening of the direct appeal and Ohio law only permits one such application;

- Grounds Twenty-one, Twenty-two, and Twenty-three be dismissed a procedurally defaulted

because they could have been but were not presented in a timely petition for post-conviction relief;

- Ground Twenty-six be dismissed as procedurally defaulted because it could have been but was not presented on direct appeal;

- Ground Twenty-four be denied on the merits;

- Ground Twenty-five be dismissed as procedurally defaulted because it could have been but was not presented on direct appeal; and

- Petitioner be denied a certificate of appealability.

District Judge Rose adopted the Report and dismissed the case with prejudice (Doc. Nos. 39, 40). Petitioner appealed, but both this Court and the Court of Appeals denied a certificate of appealability (Doc. No. 45).

**Petitioner's Issues Are Properly Raise Under Fed. R. Civ. P. 60(b)**

A habeas petitioner may not use Fed. R. Civ. P. 60(b) to avoid the bar on successive habeas petitions without permission of the Court of Appeals. However, in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. The Magistrate Judge concludes Petitioner's arguments are properly considered under Fed. R. Civ. P. 60(b) because they assert error in this Court's prior disposition of the case, and not new claims or grounds for relief. The Magistrate Judge also

concludes the Motion is timely under Fed. R. Civ. P. 60(b).

## Issue One: The *Schlup v. Delo* "Gateway"

In Issue One, Petitioner asserts this Court erred in its conclusion his proffered evidence did not meet the standard for new evidence of actual innocence adopted by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

Absent a showing of cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963). In *Murray v. Carrier,* 477 U.S. 478 (1986), however, the Supreme Court recognized an exception to the cause and prejudice requirement for a petitioner who could demonstrate actual innocence -- that is, factual innocence as compared with legal innocence. *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). This method of overcoming procedural default has come to be known as the Schlup v. Delo gateway to consideration on the merits. See *House v. Bell,* 547 U.S. 518 (2006).

Petitioner here first made an actual innocence claim in his Motion for Evidentiary Hearing, filed **after** the Magistrate Judge filed his Report and Recommendations. The actual innocence claim was rejected on the basis that, to qualify, evidence must be new in the sense that it was not available at the time of trial. (Decision and Order Denying Post-Report and Recommendations Motions, Doc.

No. 36, at 3, citing *Schlup* and *House*.) District Judge Rose adopted the Report on this point (Doc. No. 39) and the Court of Appeals declined to issue a certificate of appealability, both implicitly deciding that the point was not arguable among reasonable jurists, which is the standard for granting a certificate of appealability.

Petitioner's Motion does not persuade the Court that it misinterpreted *Schlup* in its original decision on his Motion for Evidentiary Hearing. He correctly points out that Jaron Russell and Ricky Rakestraw were not presented to testify at his trial; but whatever their testimony would be, their existence as witnesses is not "new evidence": it was known at the time of trial that they were potential witnesses and they were not called. Furthermore, Petitioner does not present new "evidence" from them – he has not offered an affidavit from either of them as to what his testimony would have been if called. Instead, Exhibits 1 and 3 are someone's notes about what the testimony would have been, and so at least double hearsay rather than admissible evidence. There is no suggestion in either *Schlup* or *House* that the new evidence offered in support of an actual innocence excuse for procedural default can be evidence which was known about at the time of trial and not presented.

Petitioner argues that Exhibit 4 is "critical physical evidence" not presented at trial which shows his innocence and is newly-discovered in the sense that the State did not produce it at the time of trial. Exhibit 4 is not physical evidence as that term is used in *House*, for example. Instead, it is a police report identifying the existence of a potential witness, Nettie M. Spidell. Petitioner asserts that this exhibit shows Ms. Spidell identified the suspect as a black male with an "Afro" haircut driving a red Grand Am. The report itself, however, is not proof of what Ms. Spidell would have testified to or what she would testify to if called today. Nor is there any proof Ms. Spidell was

unknown to defense counsel or unavailable at the time of trial. We do not even know if the words describing the suspect are those of Ms. Spidell from her own observation or someone else's observation she is relaying. Finally, even if Exhibit 4 were given all the weight Petitioner wants placed on it, it would not be the kind of extraordinary evidence which persuades this Court that Petitioner is actually innocent in the sense adopted by the Supreme Court in *Schlup* and *House*, to wit, as undermining confidence in the verdict.

Petitioner has not shown any legal error in the Court's prior application of *Schlup*.

## Issue Two: *De Novo* Review

In Issue Two, Petitioner asserts Judge Rose erred in failing to make a complete *de novo* review in ruling on Petitioner's Objections to the Report and Recommendations (Motion, Doc. No. 46, at 8). However, Petitioner presents no evidence for this claim. Judge Rose states in his Decision and Order that he did in fact make a complete *de novo* review of the record (Doc. No. 39). Had he in fact failed to do so and Petitioner had some evidence of that fact, that would have been an error raisable on appeal, but the Court of Appeals found that no reasonable jurist would have found that point arguable. Petitioner has not now presented anything persuasive to show this Court erred in somehow not conducting the de novo review it says it did.

## Consideration of Cause and Prejudice to Excuse Procedural Default

In Issue Three, Petitioner claims this Court did not consider his purported showing of cause and prejudice to excuse the procedural defaults it held against him (Motion, Doc. No. 46, at 6.) He refers the Court to Exhibit 5 which consists of a copy of the Table of Contents and pages 22-24.of his Traverse/Reply (Doc. No. 16). In the Reply, he argued that the facts set forth in this section showed cause and prejudice to excuse his failure to include claims 1-23 and 26 in his first application for reopening of his direct appeal.

Ineffective assistance of counsel can constitute cause to excuse a procedural default, but only when it occurs in a proceeding in which one has a constitutional right to effective assistance of counsel. *Murray v. Carrier,* 477 U.S. 478, 488 (1985). However, there is no constitutional right to effective assistance of counsel in preparing the filing an application to reopen a direct appeal in Ohio because that proceeding is a collateral attack on the judgment and not part of the direct appeal. *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(*en banc*). Because the deficiencies of counsel of which Petitioner complains occurred in connection with a proceeding in which he was not constitutionally entitled to the effective assistance of counsel, whatever failings the attorney may have had cannot excuse the procedural default in question.

## Issue Four: Failure to Exhaust

In Issue Four, Petitioner asserts this Court erred in concluding that he had not exhausted his claims in the state courts. However, that is not what the Court held. In fact, the Report and

Recommendations expressly held that the exhaustion requirement had been satisfied. (Report and Recommendations, Doc. No. 28, at 12-13.)

**Issue Five: Abuse of Discretion and Rule 60(b)(1) and (6)**

In Issue Five, Petitioner notes the correct standard for deciding an appeal from a denial of a Fed. R. Civ. P. 60(b) motion: did the district court abuse its discretion in denying the motion? He then reargues his actual innocence claim.

This issue adds nothing to the argument. Since the Court is not persuaded it erred in deciding that the "new" evidence was not new within the meaning of *Schlup, supra,* it is not an abuse of discretion to deny the Motion on that basis.

Petitioner also argues it would be an abuse of discretion not to reopen the judgment under Fed. R. Civ. P. 60(b)(6) because his attorney, Marshall Lachman, was guilty of gross neglect. Whether or not that is true, Mr. Lachman never represented Petitioner in this case. The "gross attorney neglect" referred to by Petitioner as a basis for reopening a judgment under Rule 60(b)(6) is neglect in the case in which the judgment is being attacked.

**Issues Six and Seven**

In his sixth and Seventh Issues[1], Petitioner reprises his argument about the neglect of the

---

[1] These issues are not numbered by the Petitioner, but only by the Magistrate Judge to keep the structure of the analysis parallel.

attorney appointed to represent him in his appeal from denial of his motion for new trial. As noted on Issue Five, attorney neglect in another proceeding is not a basis for granting relief from judgment under Fed. R. Civ. P. 60(b)(6) in this proceeding.

**Conclusion**

Petitioner has not shown that the original decision of this Court denying habeas corpus relief is infected with error requiring that the judgment be reopened. His Motion for Relief from Judgment should be denied.

January 14, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).